IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CITY OF ROGERS, ARKANSAS,
An Arkansas Municipal Corporation                                                            PLAINTIFF

    v.                              CIVIL NO. 5:25-05066

MARCK INDUSTRIES, INC.;
MARCK INDUSTRIES OF NORTHWEST
ARKANSAS, LLC; and B&B LAND HOLDINGS, LLC                          DEFENDANTS

### ORDER OF DISMISSAL

The City of Rogers, Arkansas (City) sued Marck Industries, Inc., Marck Industries of Northwest Arkansas LLC and B&B Landholdings, LLC (collectively, Marck) in Benton County Circuit Court, alleging various theories of negligence[1] and seeking to recover compensatory damages in the amount of $94,226.85 for "lost various types of equipment because of the intensity of the fire . . . [and] includes the foam sprayed in an attempt to extinguish or control the fire . . . ." (ECF No. 3, ¶¶ 19, 40), as well as punitive damages, as the result of a large fire which firefighters battled between October 16-30, 2024, at Marck Industries in Rogers, Arkansas. (ECF Nos. 3, ¶¶ 35-38). The City contends that Marck "owed a duty to the City and its inhabitants to operate their [business] so as not to create an area that was [a] highly combustible site that could quickly cause

---

[1] Count I – Negligence, Count II – Negligence Per Se, and Count III – Res Ipsa Loquitor. With respect to Count II, Plaintiff alleges that "[d]ue to Defendants' negligence and violations of Arkansas statutes, Rogers' city codes and regulations, … Defendants' actions constitute negligence per se." (ECF No. 3, ¶ 29). As noted in *Central Oklahoma Pipeline, Inc. v. Hawk Field Services, LLC,* 2012 Ark. 157, citing *Shannon v. Wilson*, 329 Ark. 143 (1997), "[u]nder Arkansas law, the violation of a statute is only evidence of negligence and does not constitute negligence per se." *See also Berkeley Pump Co. v. Reed-Joseph Land Co.,* 279 Ark. 384 (1983); AMI 601. Thus, Count II would fail regardless of the ruling herein. *Akinseye v. Bryant,* 2025 WL 696538 (W.D. Ark. March 4, 2025). With respect to Count III, the doctrine of *res ipsa loquitor* is not an independent basis for recovery, but an evidentiary tool to establish negligence. *Myers v. Cooper Clinic,* 2011 Ark. App. 435 (2011), citing *Schmidt v. Gibbs*, 305 Ark. 383 (1991); *see also* AMI 609, 610. A prerequisite to its application is the existence of a duty. AMI 609.

a severe fire like the one that occurred on October 16, 2024." (ECF No. 3, ¶ 22). The City complains that Marck failed to have rules and processes to control the height of its baled recycled materials; failed to maintain an adequate distance between each baling stack to prevent the quick spread of fire; failed to have adequate fire suppression systems in place to assist in extinguishing a fire and preventing the spread of a fire; and failed to comply with various State laws and/or City ordinances and regulations. (ECF No. 3, ¶¶ 22-26). Exhibit D attached to the Complaint itemizes the costs the City seeks to recover, including invoices for fourteen (14) Glo Coats and fourteen (14) Glo Pants at the cost of $52,922.23; sixteen (16) pairs of Glo Boots at the cost of $7,697.85; fifteen (15) five (5) gallon pails of Firebull Foam at the cost of $2,566.41; twenty-five (25) Fire-Dex Interceptor Hoods at the cost of $2,913.92; four (4) fifty-five (55) gallon drums of foam at a cost of $10,347.00; forty-two (42) hoses at the cost of $10,168.70; and various other supplies and parts at an additional cost of $7,610.74.

Marck moves for dismissal, arguing Defendants owe no duty to Plaintiff which was breached by the fire occurring and urging application (and any necessary extension of) the Fireman's Rule. (ECF Nos. 8, 9). Duty is a matter of law, and the Marck defendants contend that, in the absence of a duty, there can be no negligence and without negligence, no recovery of damages.

Acknowledging the sparsity of Arkansas law, the City contends it can proceed with its negligence claim, arguing the Fireman's Rule is not broad enough to preclude the City's ability to recover damages from property owners/businesses who cause fires and thereafter receive taxpayer funded fire suppression resources. The City urges this Court not to apply the municipal cost recovery rule and/or free public services doctrine, arguing neither has not been adopted by the Arkansas Supreme Court. (ECF No. 12). The City describes as instructive Attorney General's

Opinion No. 2002-205 regarding volunteer fire departments' right to recover under Ark. Code Ann. § 20-22-901.[2]

The undersigned has not located any decision of the Arkansas Supreme Court which precisely answers the question of duty in this precise scenario; rather than predicting what the Supreme Court might do[3], this Court considered certifying the question pursuant to Rule 6-8 of the Arkansas Rules of the Supreme Court and Court of Appeals. However, after parsing the Arkansas Supreme Court's decision to adopt the Fireman's Rule in *Waggoner v. Troutman Oil Co., Inc.*, 320 Ark. 56 (1995), and its refusal to recognize an exception to the Fireman's Rule in *Nowicki v. Pigue*, 2013 Ark. 499 (2013), in the absence of willful and wanton misconduct, the

---

[2] The Court does not find Attorney General's Opinion No. 2002-205 applicable to a Municipal Fire Department such as the City of Roger's Fire Department.

Moreover, Ark. Code Ann. § 14-53-102 may govern, providing guidance and limitations on when a Municipal Fire Department may obtain compensation or reimbursement "from the property owner involved" for firefighting efforts "beyond the corporate limits of the city or town." The City does not allege this provision of Arkansas law applies in this instance; it appears undisputed that Marck was within the corporate limits of the City of Rogers.

[3] This action presents questions of Arkansas negligence law. A federal court interpreting a given state's law is "bound by decisions" of that state's highest court. *Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010) (citing *Minn. Supply Co. v. Raymond Corp.,* 472 F.3d 524, 534 (8th Cir. 2006)). If a state's highest court has not decided the state-law issue, the federal court "must attempt to predict how the highest court would resolve the issue ...." *Id.* When determining this prediction, a federal court is "not bound to follow the decisions of intermediate state courts ...." *First Tenn. Bank Nat. Ass'n v. Pathfinder Expl. LLC,* 754 F.3d 489, 490–91 (8th Cir. 2014) (quoting *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1196 (8th Cir. 1992)). A federal court may, however, look to a given state's intermediate courts for persuasive authority, and "state appellate court decisions are highly persuasive." *Id*. District courts in the Eighth Circuit follow intermediate state court decisions "when they are best evidence of [state] law," disregarding such decisions only when "convinced by other persuasive data that the highest state court would decide ... otherwise." *Id.* at 491 (quoting *United Fire & Cas. Co. v. Garvey,* 328 F.3d 411, 413 (8th Cir. 2003)). Similarly, state trial court decisions are "persuasive, particularly when" such decisions "deal with subjects peculiarly within the knowledge and experience of state courts." *Pro Edge, L.P. v. Gue*, 374 F.Supp.2d 711, 731 n.8 (N.D. Ia. 2005) (quoting *Galion Iron Works & Mfg. Co. v. Russell*, 167 F. Supp. 304, 310 (D. Ark. 1958)).

undersigned is persuaded that the same public policy that led to *Waggoner* – in the absence of any contrary decision or action of the legislature – likely predicts the answer.  Recall that the *Waggoner* court affirmed the trial court's decision and held "that the [Fireman's] rule bars the Waggoners' recovery for the very valid public policy reason that the party or parties who negligently started the fire had no legal duty to protect the firefighter from the very danger that the firefighter was employed to confront." *Waggoner,* 320 Ark. at 60.  Two years later in *Ouachita Wilderness Institute, Inc. v. Mergen,* 329 Ark. 405, 413 (1997), the Supreme Court's view was again expressed (in dicta)[4] that "[p]ublic policy would be violated if a citizen was said to invite private liability merely because he happened to create a need for public services."

Despite acknowledgment that the Marck defendants owe no duty to any individual firefighter for injuries sustained, the City nevertheless contends the Marck defendants (residents of the City) have a duty not to cause a fire and if they breach that duty, they are privately liable for the City's replacement of the firefighter's uniform, fire hoses and fire suppressant previously purchased with taxpayer funds. While the City describes the Marck fire as "one of the worst fires in the City's history," this Court's agreement with the City and imposition of concordant duty would – at a minimum – expose all residents to potential future liability regardless of the size of the fire at issue.  And once recognized, would the residents be responsible not only for replacing uniforms, hoses and fire suppressant but also for the gasoline consumed or the wear and tear on the fire engine's tires?  What if the fire engine melts or explodes? Who would decide when a fire inside the municipality results in liability to the resident and what then is included on their bill?

---

[4] Notably, while this language was dicta in *Ouachita Wilderness,* the *Waggoner* court previously cited this very language from the Supreme Court of Hawaii's decision in *Thomas v. Pang,* 811 P.2d 821 (Haw. May 15, 1991) as persuasive enough to adopt the Fireman's Rule on grounds of public policy. *Waggoner*, 320 Ark. at 59-60.

Importantly, with this risk of liability, it is easy to imagine citizens hesitating before calling the fire department. In *Waggoner*, the Arkansas Supreme Court cited the case of *England v. Tasker*, 129 N.H. 467 (1987) as persuasive. The New Hampshire Supreme Court had recognized that a rule contrary to the Fireman's Rule "would conceivably have the effect of discouraging citizens from calling safety officers for fear of liability." *Id.*   This reasoning applies here as well.

The existence of a legal duty is always a question of law and never a question of fact. *Clark v. Transcon. Ins. Co.,* 359 Ark. 340, 197 S.W.3d 449 (2004).  Here, a duty has not been clearly expressed in Arkansas law, and in the absence of either Arkansas statutes or common law, this Court cannot agree with the City and create a new duty.  It is this Court's prediction that the Arkansas Supreme Court would reject the City's argument as violative of the very public policy which prompted its adoption of the Firemen's Rule.

For these reasons, the Motion to Dismiss (ECF No. 8) is **GRANTED** and this case **DISMISSED.**

**IT IS SO ORDERED** on this 12th day of March 2026.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE